# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES MATTHEW GILLEY, | ) | |
|     Petitioner, | ) | Civil Action No. 7:15cv00258 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD CLARK, | ) | By: Norman K. Moon |
|     Respondent. | ) | United States District Judge |

Petitioner James Matthew Gilley, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2010 convictions and sentence in the Franklin County Circuit Court. Upon review of the record, I conclude that Gilley's petition is untimely filed and that Gilley has not demonstrated any ground for equitable tolling. Therefore, I will dismiss his petition.

## I.

On March 17, 2010, after his guilty plea, the Franklin County Circuit Court entered judgment against Gilley, convicting him of five counts of grand larceny, one count of possessing marijuana, and one count of trespassing. The court sentenced Gilley to a total active term of 4 years and 2 months of incarceration. Gilley did not appeal. Gilley filed a habeas petition in the Supreme Court of Virginia on January 17, 2015, which the court dismissed on April 10, 2015 as untimely filed. Gilley filed his instant § 2254 habeas petition on May 1, 2015. The court conditionally filed Gilley's petition, advised him that the petition appeared to be untimely filed, and gave him an opportunity to respond to the court regarding the timeliness of his petition.

## II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[1] A petitioner must demonstrate either the timeliness of his petition pursuant to

---

[1] Under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

§ 2244(d) or that the principle of equitable tolling applies in his case. *See Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. § 2244(d)(1)(A-D).

The statute of limitations began to run in Gilley's case on April 16, 2010, when his conviction became final. Therefore, Gilley had until April 18, 2011 to file a timely federal habeas petition. Gilley did not meet this deadline; in fact, by that date, Gilley had yet to file his state habeas petition.[2] Accordingly, Gilley's petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.

A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d. 238, 246 (4th Cir. 2003) (citing *Harris*, 209 F.3d at 330). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." *Harris*, 209 F.3d at 330 (citing *Miller v. N.J.*

---

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Here, Gilley has alleged nothing to support the application of § 2244(d)(1)(B - D). Under § 2244(d)(1)(A), Gilley's conviction became final on April 16, 2010, when his time to file an appeal to the Court of Appeals of Virginia expired.

[2] Gilley's one-year clock had already run by the time he filed his state habeas petition in the Supreme Court of Virginia; therefore, Gilley's state petition afforded him no tolling under § 2244(d)(2).

*State Dep't of Corrs.*, 145 F.3d 616, 618 (3d Cir. 1998)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow,* 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "'the steps he took to diligently pursue his federal claims.'" *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998)).

In support of an equitable tolling argument, Gilley states that shortly after his Franklin County conviction, he was transferred to a prison in North Carolina to serve another sentence and that, while there, he could not access his case file or "Virginia law," resulting in it taking "a great deal of time to gain all the information and marshal the facts" of his claims. However, Gilley has failed to demonstrate that he exercised "reasonable diligence in investigating and bringing the claims" and his allegations are insufficient to warrant equitable tolling. *See e.g., United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"); *Garvin v. Eagleton*, Civil Action No. 8:12-1165-JMC, 2013 U.S. Dist. LEXIS 102696, 2013 WL 3821482, at *13 (D.S.C. July 23, 2013) ("Petitioner's allegations regarding lack of resources in the law library do not constitute the type of extraordinary circumstances that justify equitable tolling because alleged inadequacies of prison law libraries do not toll the statute of limitations."). Accordingly, I will dismiss Gilley's petition as untimely filed.

**ENTER**: This 11th day of March, 2016.

*[signature]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE